UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Stephanie L. Hunter, | 17 B 07734 |
| Debtor. | Honorable Jack B. Schmetterer |
| Stephanie L. Hunter | |
| Plaintiff, | Trustee: Tom Vaughn |
| v. | |
| United Guar. Commercial Ins. Co. of North Carolina | 17 A 00550 |
| Defendant. | February 22, 2018 at 10:30 A.M. |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter, coming to be heard on the Plaintiff's motion for an entry of default and for default judgment on the complaint, the Court, being fully apprised, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. In September 2005, the Plaintiff obtained a loan from Citibank USA, N.A., to pay for expenses related to her education.

2. Citibank transferred the loan to the Defendant in August 2009.

3. The Plaintiff filed her bankruptcy petition in the underlying case in March 2017.

4. The Defendant timely filed proof of claim 14-1, for $15,876.64, on July 19, 2017.

5. The Plaintiff objected to the claim, alleging the two single-page documents—one dated 2005 and the other dated 2009—attached to the proof of claim did

not satisfy the requirements under the Federal Rules of Bankruptcy Procedure governing the filing of claims.

6. The Defendant did not respond to the objection, nor did it appear at the hearing despite receiving proper notice.

7. This Court disallowed the claim after the hearing on September 6, 2017.

8. The Plaintiff then filed the complaint in this adversary on November 3, 2017, to **determine the loan from Citibank to not be excepted from the Plaintiff's** discharge.

9. Although properly served, the Defendant did not file an answer to the complaint nor did it appear at the initial status hearing.

10. Williams & Fudge, listed as another name the Defendant had used in communications with the Plaintiff as indicated in the proof of claim, was originally listed as a defendant.

11. The Plaintiff moved to voluntarily dismiss Williams & Fudge on November 20.

12. The Plaintiff then moved for entry of a default judgment against the remaining Defendant; though properly served, the Defendant has not appeared nor filed any responsive pleadings in response to the motion for entry of default.

13. This Court entered default against the Defendant on January 22, 2018.

## CONCLUSIONS OF LAW

14. This Court has jurisdiction under 28 U.S.C. §§ 157(a), and 1334(a), as this action arises under bankruptcy case 17 B 07734, currently pending before this

Court.

15. This action constitutes a core proceeding, in accordance with 28 U.S.C. § 157(b)(2).

16. Under 11 U.S.C. § 523(a), qualifying educational loans are excepted from discharge.

17. However, the Code states those loans must be "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." 11 U.S.C. § 523(a)(8)(A)(i).

18. The Defendant is not a governmental unit nor a nonprofit institution, nor was it when the loan was disbursed.

19. The Defendant—in its role as lender—bears the initial burden to establish the existence of the debt and that it meets the definition of an educational loan. 11 U.S.C. 523(a)(8); see also Brown v. CitiBank, N.A. (In re Brown), 539 B.R. 853, 857 (Bankr. S.D. Cal., 2015).

20. By failing to respond to the complaint, the Defendant has admitted to the Plaintiff's allegations. Fed. R. Bankr. P. 7008.

21. The documents provided as part the Defendant's proof of claim do not show any activity on the account since at least 2009, nor do they provide the essential terms of the contract as required under Illinois law. See Brown v. Goodman, 498 N.E.2d 854, 856 (Ill. App. 1 Dist., 1986).

22. The proof of claim does not comply with the requirements because the

Defendant has not provided evidence of the original promissory note signed by the Plaintiff; payments received; interest, fees, expenses, or other charges incurred before the petition date; nor the service agreement authorizing any other party to service, collect, accept payments on, or file claims on the Defendant's behalf. Fed. R. Bankr. P. 3001(c)(1), (2)(A).

23. The Plaintiff is therefore entitled to an order of judgment declaring that, upon completion of plan payments and entry of a discharge order in her Chapter 13 case, the debt **underlying Defendant's proof of claim** 4-1 will be discharged.

Enter: /s/ _____

Dated: MAR 2 9 2018

3/29/18